UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                    File No. 1:13-CR-130-1

v.

                                      HON. JANET T. NEFF

FREEMAN CARL REED,

       Defendant.

_____/

## OPINION

Before the Court is a motion to vacate, set aside, or correct sentence under 28 U.S.C.

§ 2255, filed by Defendant Freeman Carl Reed (ECF No. 131). Defendant has also filed a

memorandum in support of his motion (ECF No. 136), the Government has filed a response (ECF

No. 145), and Defendant has filed a reply to that response (ECF No. 150). Defendant also moves

to expedite the disposition of his motion. For the reasons herein, these motions will be denied.

## I. Background

In 2013, the Government charged Defendant with five counts of wire fraud (Counts

I to V), two counts of money laundering (Counts VI and VII), and three counts of failure to file a

tax return (Counts VIII to X). The wire fraud and money laundering charges were based on

Defendant's participation in two schemes to defraud investors. Defendant raised over $1.3 million

from investors by promising to recover gold bars that were supposedly buried at a secret dig site

in the Philippines, and by redeeming gold certificates in Switzerland that were purportedly worth

billions of dollars. Defendant repeatedly assured investors that they would soon receive a

profitable return on their investments, but instead they received nothing. Defendant never

attempted to recover gold from the dig site in the Philippines, and the gold certificates were worthless. Defendant used virtually all of the investors' money for personal expenses. And despite the fact that Defendant received an enormous income from these schemes, he did not file federal tax returns for the years 2007, 2008, and 2009.

In January 2014, the Court held a jury trial on the charges for failure to file a tax return (Counts VIII to X), after severing them from the other counts in the indictment. The jury found Defendant guilty on all three counts.

In March 2014, Defendant pleaded guilty to one of the wire fraud charges (Count II), in exchange for dismissal of the remaining counts and a nonbinding recommendation by the Government that Defendant receive a three-year sentence for the wire fraud conviction. In addition, the Government agreed not to oppose Defendant's request that he receive credit under the Sentencing Guidelines for accepting responsibility.

In August 2014, the Court sentenced Defendant to 87 months of imprisonment for the wire fraud conviction, and 12 months of imprisonment for each of the tax return convictions, to be served concurrently. The Court also ordered restitution of over $1.8 million. The Court did not accept the recommended three-year sentence, and did not give Defendant credit for acceptance of responsibility.

Defendant appealed the judgment of conviction and sentence, arguing that the Government did not abide by its promise to recommend a three-year sentence, and that this Court erred by not giving Defendant credit for acceptance of responsibility. The Court of Appeals rejected these arguments and affirmed the Court's judgment. *See United States v. Reed*, 788 F.3d 231 (6th Cir. 2015).

Defendant now raises the following grounds for relief in his § 2255 motion:

I.      Counsel was ineffective with regards to plea negotiations and the plea agreement.

II.      Counsel was ineffective for advising the defendant to proceed to trial.

III.      Counsel was ineffective for failing to object to the government's breach of the plea agreement and to postpone sentencing and pursue withdrawal.

IV.      Counsel failed to secure the defendant's acceptance of responsibility.

V.      Counsel failed to advise the defendant of his right to an open plea to the court.

(§ 2255 Mot., ECF No. 131, PageID.1530, 1531, 1533, 1534, 1537.)

## II. Standards

### A. Merits

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

## B. Hearing

The court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

## III. Analysis

### A. Ground I: Ineffective Assistance of Counsel re Plea Agreement and Plea Negotiations

#### 1. Advice about the plea

Defendant asserts that he received ineffective assistance of counsel when counsel advised him to plead guilty, promising that he would receive a three-level reduction in his offense level under § 3E1.1 of the Sentencing Guidelines for acceptance of responsibility. Defendant's trial attorney, John J.E. Markham, II, asserts in a sworn declaration that, before the plea, Markham believed that Defendant "should receive" the reduction for acceptance of responsibility, and Markham "told him so before he entered his plea." (Markham Decl., ECF No. 150-1.) Defendant asserts that this advice was unreasonable because he did not qualify for the reduction in the first place. Defendant also contends that he would not have pleaded guilty without this advice.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687-

92. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Defendant's assertion that his attorney promised him that he would receive the reduction is flatly contradicted by Defendant's sworn statements at his plea hearing. Defendant told the Court that he had read the plea agreement, that he discussed it with his attorney before signing it, and that he understood it. (Plea Hr'g Tr. 18, ECF No. 112.) The plea agreement states:

> The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section

3E1.1 of the Sentencing Guidelines. . . . Should the Court grant a two-level
reduction as provided herein, the Government will move the Court to grant an
additional one-level reduction if the adjusted offense level is 16 or greater pursuant
to Section 3E1.1(b).

(Plea Agreement, ECF No. 90, PageID.578-579.) The plea agreement does not promise that

Defendant will receive a three-level reduction in his offense level. On the contrary, it states that

... the Court shall make the final determination of the Guideline range that applies
in this case, and may impose a sentence within, above, or below the Guideline
range. . . .

* * *

... the Court is not a party to this agreement and is under no obligation to accept
any recommendation by the U.S. Attorney's Office or the parties regarding the
sentence to be imposed. . . . The defendant understands that no one – not the
prosecutor, the defendant's attorney, or the Court – can make a binding prediction
or promise regarding the sentence the defendant will receive, except that it will be
within the statutory maximum.

(*Id.*, PageID.581-583.)

The prosecutor discussed the foregoing provisions at the plea hearing, and then the

magistrate judge asked Defendant's attorney whether he was "aware of any other promises that

were made to your client to get him to plead guilty other than what is written down in this Plea

Agreement?" (Plea Hr'g Tr. 26.) Defendant's attorney stated that he was not aware of any such

promises and Defendant agreed with this statement. (*Id.*) Defendant also denied that anyone had

promised him "anything to get [him] to plead guilty other than what's been said so far about what's

been written down in this Plea Agreement[.]" (*Id.*)

Under settled Sixth Circuit authority, a defendant is bound by his statements given

under oath at the plea hearing. *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)

("[W]here the court has scrupulously followed the required procedure [under Rule 11 of the

Federal Rules of Criminal Procedure], 'the defendant is bound by his statements in response to

that court's inquiry.'") (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)).

Furthermore, "even if counsel gives a defendant erroneous information, a defendant is not entitled to relief if the misinformation is 'directly refuted on the record' by the district judge during a plea colloquy." *Cadavid-Yepes v. United States*, 635 F. App'x 291, 299 (6th Cir. 2016) (quoting *United States v. Todaro*, 982 F.2d 1025, 1029 (6th Cir. 1993)). Consequently, Defendant is bound by his statements that he read his plea agreement, understood it, and was not promised anything other than what was written in the plea agreement. These statements, coupled with the terms of the plea agreement, refute his assertion that his attorney promised him that he would receive a three-level reduction in his offense level if he pleaded guilty.

Defendant's claim is similar to one raised by the defendant in *Todaro*, who attempted to attack his guilty plea by claiming that his attorney had promised him that he would be sentenced to probation if he pleaded guilty. The Court of Appeals rejected this claim because the defendant testified at the plea colloquy that no promises had been made to him other than those stated in the plea agreement. *Todaro*, 982 F.2d at 1026. "To allow collateral attacks on guilty pleas to be based upon such claims would make every plea subject to attack and render the oral responses given in court meaningless." *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992). Likewise, to allow Defendant to attack the assistance that he received by counsel on factual grounds that are inconsistent with his sworn statements to the Court would render his statements meaningless.

In short, Defendant's assertions about counsel's promise conflict with the clear representations he made in his sworn statements to the Court. The Court will not lightly disregard those statements. Moreover, Markham's declaration does not support Defendant's claim. Markham apparently told Defendant that he believed Defendant "should" receive the reduction for acceptance of responsibility, which is not the same as *promising* that Defendant would receive it.

Accordingly, Defendant cannot demonstrate the factual basis for his ineffective-assistance claim. He cannot demonstrate that counsel promised that he would receive a three-level reduction.

Furthermore, Markham's advice that Defendant "should receive" the reduction for acceptance of responsibility was not unreasonable. Defendant claims that he was not eligible for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines because the application notes to that section state that it "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 (Nov. 1, 2013), Application Note 2. However, Defendant did not put the government to its burden of proof at trial. He pleaded guilty to Count II *before* the trial on that charge, so the application note did not apply. The Court declined to award him the reduction, not because the Government had already prepared for trial, but because Defendant's "behavior" at the plea hearing itself "evidenced a lack of, a denial of responsibility." (Sentencing Tr. 18, ECF No. 127.) And even after the plea hearing, Defendant maintained the "incredulous" belief that "there's gold in those hills." (*Id.* at 4-5.) Defendant's attorney could not have predicted that Defendant would plead guilty in exchange for the possibility of a sentence reduction for acceptance of responsibility, and then forfeit his opportunity to receive that reduction by refusing to come to terms with his actions.

Moreover, even if Defendant's discussions with his attorney before entering the plea led Defendant to believe that he would receive a three-level reduction, Defendant cannot demonstrate prejudice because the plea colloquy ensured that Plaintiff was aware that he might not receive that reduction. While walking through the plea agreement with Defendant at the plea hearing, the magistrate judge repeatedly informed him that the sentencing judge was not bound by any recommendations from the parties or in the plea agreement, and that the sentence would be

within the Court's discretion. At one point, the magistrate judge told Defendant that "if somebody has predicted to you what Judge Neff will do, I can tell you she probably hasn't heard that prediction and she would not be bound by it if she had heard it. . . . when everything is said and done, the sentence of the Court is entirely within Judge Neff's discretion." (Plea Hr'g Tr. 48.) Thus, Defendant was aware that he might not receive the three-level reduction, but he chose to enter his plea anyway. In these circumstances, Defendant's conduct undermines his claim that he would not have pleaded guilty but for his attorney's advice that he would receive the three-level reduction.

### 2. Plea negotiations

Defendant also asserts that his attorney should have negotiated a better plea agreement that made a binding sentencing recommendation for a three-year sentence. This is not sufficient to show objectively unreasonable performance or prejudice. The Constitution does not obligate counsel to negotiate the best conceivable deal for a defendant, and there is no reason to believe that Defendant's attorney could have negotiated a binding sentence recommendation in this case. There is no evidence that the Government offered him such a plea or would have agreed to one. *Cf. Rodriguez-Penton v. United States*, 905 F.3d 481, 488 (6th Cir. 2018) (suggesting that prejudice can be met by "showing similar plea agreements that were reached by others charged with the same crime"). Furthermore, Defendant opted to take the deal offered to him, knowing full well that neither a three-year sentence nor a reduction in his offense level were guaranteed. That was a voluntary and informed decision. If he did not think this deal was a satisfactory option, he could have exercised his right to a trial. *Cf. Stubbs v. United States*, No. 08-4563, 2010 WL 9039350, at *2 (6th Cir. Oct. 20, 2010) ("Stubbs was not forced to enter into that agreement, and counsel's alleged failure to make a better deal does not rise to the level of constitutionally deficient performance.").

Defendant believes that he had "nothing to lose" by going to trial because his sentence would have been the same due to the fact that he was not eligible for a reduction in his offense level for acceptance of responsibility. (Mem. in Support of § 2255 Motion, ECF No. 136. PageID.1553.) That is simply not true, for the reasons discussed above. He was eligible for a reduction when his attorney advised him to plead guilty; he did not receive it because of his own actions after that advice. He chose not to accept responsibility for his schemes.

Accordingly, for all the foregoing reasons, Ground I is meritless.

**B. Ground II: Ineffective assistance of counsel re advice to proceed to trial**

Defendant argues that his attorney was ineffective for advising him to proceed to trial on some charges and then accept a plea for others. He contends that "[t]hese tactics compete with each other." (§ 2255 Motion, PageID.1531.) This claim is wholly conclusory. It is not supported by any facts or logic demonstrating unreasonable performance by counsel or prejudice to the outcome of Defendant's case. Thus, the Court discerns no merit in this claim.

**C. Ground III: Ineffective assistance of counsel re breach of the plea agreement, postponement of sentencing, and withdrawal of plea**

Defendant acknowledges that Markham objected to the Government's "breach" of the plea agreement, but Defendant asserts that his attorney should have postponed the sentencing hearing in order to attempt to withdraw the plea agreement in light of that breach. (Mem. in Support of § 2255 Motion, PageID.1554.) As to the breach, Defendant is apparently referring to the fact that the Government did not expressly recommend a three-year sentence as required by the plea agreement, until prompted to do so after an objection by Defendant's attorney.

On appeal, the Court of Appeals rejected Defendant's claim that the Government breached the plea agreement:

> In its sentencing memorandum and at the sentencing hearing, the government stated that Reed should receive credit for accepting responsibility, *see* U.S.S.G. § 3E1.1,

but it did not say anything about an appropriate sentence for the fraud. The government spent most of its time objecting to Reed's motion for a continuance. Reed wanted to postpone sentencing for ninety days to permit a new, movie-related venture to play out and, in the fullness of time, to permit him to repay his victims. The government responded by reciting Reed's pattern of broken promises and the outlandishness of his crime.

At the end of the hearing, the district court acknowledged the written terms of the plea agreement—that the "government has agreed pursuant to the plea agreement to recommend a three-year term of custody." R. 127 at 62. Before the court could pronounce its sentence, Reed objected that the prosecutor had "never once recommended the three-year sentence. . . . It's not in his brief. It's not in his [oral response] today." *Id.* at 63-64. At that point, the government responded that it "recommended a three-year sentence." *Id.* at 64. Reed protested that the recommendation had come too late.

The court rejected Reed's argument. It considered the prosecutor's integrity "unimpeachable," and "[t]he fact that he may not have said it during these proceedings is not relevant. He made the recommendation in the plea agreement." *Id.* at 65. . . .

* * *

Although the government should have issued this recommendation on its own initiative, it did not breach the plea agreement by requesting a three-year sentence after Reed's formal objection but before the district court reached a conclusion. As the plea agreement required, the prosecutor told the court before it imposed a sentence that he "recommended a three-year sentence" and that he was "standing by [his] recommendation." R. 127 at 64. Even before Reed objected, the district court was well aware that the "government has agreed pursuant to the plea agreement to recommend a three-year term of custody." *Id.* at 62. Any tardiness by the government on this score did not compromise the fairness of the plea bargaining process.

*Reed*, 788 F.3d at 232-33.

Defendant has not offered a valid basis for withdrawing the plea. After a court accepts a plea, the defendant cannot withdraw it as a matter of course. He can do so before sentencing only if the Court rejects the plea agreement under Rule 11(c)(5) of the Federal Rules of Criminal Procedure, or if he can show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). After the court imposes its sentence, a plea can be set aside only on direct appeal or collateral attack. Fed. R. Crim. P. 11(e).

If the Government did not breach the agreement, then that was not a basis for withdrawing the plea. Neither is Defendant's claim that he entered the plea because counsel promised him that he would receive a reduction in his offense level for acceptance of responsibility. As discussed above, the plea agreement and the plea colloquy made clear to Defendant that such a reduction was not guaranteed, and Defendant himself denied that his plea was based on promises that were not in the plea agreement. Accordingly, Defendant has not provided a "fair and just reason" for withdrawing his plea. Thus, he has not demonstrated that counsel was ineffective for failing to pursue that course of action. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

### D. Ground IV:  Counsel failed to secure Defendant's acceptance of responsibility

Defendant blames counsel for the Court's decision not to give Defendant credit for acceptance of responsibility, but it is clear from the record that Defendant himself is the one to blame. Defendant believes that he lost this credit because his attorney asked the Court to postpone the sentencing hearing for 90 days so that Defendant could attempt to repay his victims. Defendant claimed that he was on the verge of closing transactions that would net him several hundred thousand dollars, including a movie project in Europe.

As the Court explained at the sentencing hearing, Defendant did not deserve credit for acceptance of responsibility because he could not accept the truth of what he had done in the past. He continued to insist that his ridiculous scams were legitimate. (*See* Sentencing Tr. 4-5, 18.) He based his request to postpone the hearing on a seemingly illusory promise that he could repay the victims if given just a little more time. That request gave the Court one more reason to believe that Defendant would continue his fraudulent behavior if given the opportunity to do so (*see* Sentencing Tr. 61-62), but it was not the basis for the Court's decision to deny him credit for

acceptance of responsibility. Thus, Defendant's ineffective-assistance claim in Ground IV is meritless.

### E. Ground V: Counsel failed to advise Defendant of his right to an open plea

Finally, Defendant contends that counsel was ineffective for failing to advise him of his right to take an "open plea," which is a plea without a plea agreement. But even assuming that his attorney should have discussed this option and did not, Defendant does not allege any prejudice from that failure. He does not contend that he would have taken that option instead of the offer given to him, as required by *Hill*, 474 U.S. at 59. Thus, he does not state a valid claim.

### IV. Conclusion

For the reasons stated, Defendant's claims are meritless. Moreover, an evidentiary hearing is not required because the record of the case conclusively shows that Defendant is not entitled to relief. Accordingly, his motion under § 2255 will be denied. In addition, his request to expedite the disposition of his motion will be denied as moot.

Under 28 U.S.C. § 2253(c), the Court must determine whether to issue a certificate of appealability. A certificate should issue if the movant has demonstrated "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved of issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, to warrant a grant of the certificate, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.

The Court has carefully considered the issues in this matter and finds that reasonable jurists could not find that this Court's denial of Defendant's claim was debatable or wrong. Thus, a certificate of appealability will be denied.

An order and judgment will enter consistent with this Opinion.


Dated:   October 15, 2019                    /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge